Reva HALVORSEN, Plaintiff,

v.

GRAIN DEALERS MUTUAL INSURANCE COMPANY, a foreign corporation, Louis A. Schalk, Harold H. Lorenz, and Edward L. Jones, jointly and severally, Defendants.

No. 4004.

United States District Court
W. D. Michigan, S. D.

Oct. 4, 1962.

James Thomas Sloan, Jr., Kalamazoo, Mich., Jerry J. O'Connor, Cassopolis, Mich., for plaintiff.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., William D. Buchanan, Grand Rapids, Mich., of counsel, for defendant Lorenz.

Luyendyk, Hainer, Hillman, Karr & Dutcher, Grand Rapids, Mich., Douglas W. Hillman, Grand Rapids, Mich., of counsel, for defendant Jones.

Butzbaugh, Page & Byrns, Benton Harbor, Mich., Chester J. Byrns, Benton Harbor, Mich., of counsel, for defendants Schalk and Grain Dealers Mut. Ins. Co.

FOX, District Judge.

On July 13, 1958, the automobile of defendant Jones, being driven by his daughter, Phillys, was third in a line of four cars proceeding in the same direction on Shawnee Road near Berrien Springs, Michigan.

It is alleged that the first car, driven by defendant Schalk, turned unexpectedly; that the second car, operated by defendant Lorenz, stopped suddenly in order to avoid hitting Schalk, and, finally, that the Jones car also stopped suddenly to avoid running into Lorenz.

Plaintiff was co-owner of and a passenger in the fourth car. Plaintiff's car ran into the rear of Jones' car, causing injury to plaintiff.

About February 1, 1959, Phillys Jones, by her guardian, brought suit in the Circuit Court for Cass County against Lester and Reva Halvorsen, defendants. Admittedly, the automobile driven by Lester Halvorsen was owned jointly with his wife, Reva Halvorsen, plaintiff in this action.

Trial resulted in a verdict by the jury for plaintiff Phillys Jones in the sum of $3,500. It was not appealed. The jury in reaching this verdict, under Michigan law, must have found that Phillys Jones was free from negligence.

On December 9, 1960, Reva Halvorsen, co-defendant in the state circuit court case, filed this action in the Federal District Court for the Western District of Michigan. By her pleadings, Reva Halvorsen contends that Phillys Jones, the operator of the vehicle owned by Edward Jones, was negligent.

Edward Jones is joined as defendant in this Federal Court action on the grounds that as owner of the automobile which was being operated by Phillys Jones, his daughter, with his knowledge and consent, and for his benefit, he is liable for the negligent acts of the operator.[1]

No allegation is made of the negligence of Edward Jones himself. Defendant Jones' liability is therefore derivative.

On February 6, 1961, defendant filed a motion for summary judgment alleging plaintiff is estopped from bringing this action against this defendant, since the jury verdict in the Circuit Court of Cass County, Michigan, is res judicata.

The same facts and question came before the courts of New York as early as 1937. In Good Health Dairy Products Corporation v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401, an automobile owned by Mary Emery and operated by her son, William Emery, collided with a truck owned by Good Health Dairy and operated by Edward Vandeville. William Emery instituted suit against Good Health and Vandeville. Judgments were returned in his favor against both and affirmed upon appeal.

In the meantime, Good Health and Vandeville instituted suit in the Supreme Court of New York against William and his mother.

After the judgments had been affirmed in favor of William in the lower court action, William and Mary Emery amended their answers in the Supreme Court action to plead as an additional defense the judgment in the lower court as res judicata.

The order was granted as to William, but denied at first as to Mary Emery. On appeal, the Court of Appeals held:

" * * * It having been adjudicated in the City Court action that the operator of the automobile owned by Mary C. Emery was not negligent as to the plaintiff Good Health Dairy Products Corporation or the plaintiff Vandeville, that question is foreclosed and the plea of res judicata is available to Mary C. Emery in suits brought against her."

The Court then discussed this apparent exception to the rule of mutuality "where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff".[2]

Recently, the Michigan Supreme Court ruled on this question. The facts in Jones v. Chambers, 353 Mich. 674, 91 N. W.2d 889 (1958), as summarized in the opinion of Justice Edwards, were:

"December 9, 1953, Jones and Wolf, Johnson Oil Company and American Fidelity Fire Insurance Company, subrogee by prior assignment, started suit in Shiawassee county against Chambers * * * alleging * * * Chambers' * * * negligence (and) * * * a want of their own negligence * * *.

"December 24, 1953 Chambers and the Citizens' Mutual Automobile Insurance Company, his previously subrogated assignee, started suit in Isabella county against Jones, Wolf, Johnson Oil Company and Leon F. Hapner, as driver * * * alleging * * * Hapner's * * * negligence, and asserting a want of Chambers' negligence * * *.

"June 14, 1954, the Isabella cause of action was tried and judgment was subsequently entered for plaintiff therein on the jury's verdict.

"On December 28, 1955 the Shiawassee county trial court dismissed the Shiawassee cause of action on the grounds that it had been heard and decided as to all parties therein

1. M.S.A., Sec. 9.2101, CL '48, Sec. 257.-401, Pub.Acts 1949, § 257.401.

2. See Portland Gold Mining Co. v. Stratton's Independence, 158 F. 63, and Bigelow v. Old Dominion Copper Co., 225 U.S. 111, 127, 128, 32 S.Ct. 641, 642, 643, 56 L.Ed. 1009.

during the Isabella county trial * * *."

The question on appeal was: may the defendants (plus their insurance company) in the first-tried Isabella suit, maintain an action for damages arising out of the same accident in another county? The Supreme Court answered, "No".

In a carefully worded opinion, the Court at pages 679 and 681, 91 N.W.2d at pages 891, 892, said:

"* * * The essential allegations of negligence on the part of the truck driver, a defendant in the Isabella case, are the same as the appellee-defendant's claims of contributory negligence in the instant suit. And the allegations of contributory negligence in relation to the driver of the passenger car, plaintiff in the Isabella case, are the same as appellant-plaintiffs' allegations of negligence in the instant suit. * * *

"One other problem of moment is presented in this appeal. Appellants appear to imply that the insurance company plaintiff in the instant case has rights in this litigation which may subsist regardless of adverse decision as to whether the claims of the other plaintiffs are barred by the prior Isabella adjudication. Their briefs argue that the American Fidelity Fire Insurance Company was not a party to the prior litigation and hence cannot be bound by it.

"*This argument overlooks the fact that American Fidelity Fire's rights in the instant case are entirely derivative * * *.*" [3] (Emphasis added)

In 1959, the United States Court of Appeals for the Sixth Circuit, in Davis v. McKinnon & Mooney et al., 266 F.2d 870 (6 Cir., 1959), ruled on the same question.

Davis sued Indemnity Company (in the state court) seeking payment of a judgment previously secured by Davis against one Fitzgerald, insured by Indemnity Company. In this action, Indemnity alleged cancellation because of non-payment of premiums; Davis contended that cancellation was fraudulent. The state court ruled that due to non-payment, the policy was properly cancelled.

Davis then filed a suit in the Federal District Court contending that McKinnon and Mooney fraudulently conspired to manufacture evidence depriving appellant of recovery on the policy.

Appellees McKinnon and Mooney pleaded res judicata and filed a motion to dismiss on grounds of res judicata and estoppel by judgment. The motion was sustained by the District Court. The Court of Appeals affirmed.

Appellant argued: (1) that the issue of fraud was not presented in the state court; (2) that the state court action was in contract, while this is in tort; and (3) that the parties are not identical. The Court held that these contentions had no merit.

"Since the Indemnity Company's defense against appellant was sustained in the state court, under the rule in force in a number of jurisdictions appellees may avail themselves of the doctrine of res judicata although they are not privies of the Indemnity Company * * *"

The Court quoted extensively the California case of Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892 (1942) where Judge Traynor stated:

"There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation. * * * *The cases justify this exception on the ground that it would be unjust to permit one who had had his day in court to reopen identical issues by merely switching adversaries.*" (Emphasis added)

In the case before us, the party against whom the plea is asserted was a party to

---

3. See also Indemnity Insurance Company of North America v. Otis Elevator Company, 315 Mich. 393, 24 N.W.2d 104, 171 A.L.R.2d 266.

the prior adjudication. The identical issue of negligence was decided in the first adjudication.

■ The mandate of due process of law requires only that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. Plaintiff, Reva Halvorsen, has had her day in court.

She was given every opportunity to confront witnesses who testified as to the negligence of the parties. This plaintiff at that time had ample opportunity to contest the issue of negligence. Due process has been satisfied.

The motion for summary judgment is granted.