JOSEPHINE CHIARA AND ROBERT E. CHIARA, APPELLANTS, v. LEON BELAUSTEGUI, VELMA BELAUSTEGUI, SAM BIDA, AND NEVA BIDA, RESPONDENTS.

No. 6202

December 14, 1970 477 P.2d 857

---

[Rehearing denied January 11, 1971]

*Jerry C. Lane,* of Carson City, and *T. David Horton,* of Battle Mountain, for Appellants.

*Gray, Horton & Hill,* of Reno, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

The principal issue presented for our consideration in this appeal is whether a 59(e) motion to alter or amend a judgment may be utilized to vacate a default judgment.[1] We rule that it may not be so used.

1. *The Facts.*

The respondents, who were the plaintiffs below, commenced a quiet-title action in the district court. The Chiaras, who are the appellants, answered the complaint and filed a counterclaim. Thereafter, respondents served interrogatories upon the appellants as provided by Rule 33.[2] The appellants failed to

---

[1] NRCP 59(e):

*"Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after service of written notice of entry of the judgment."

[2] NRCP 33. *INTERROGATORIES TO PARTIES:*

respond to the interrogatories within the time limit prescribed by the rule, and the court on motion of the respondents ordered the answer and counterclaim of appellants stricken and entered judgment by default against them. NRCP 37(d).[3] Thereafter, appellants, within the 10-day period permitted under 59(e), filed a motion denominated, "Motion to Set Aside Order Granting Judgment by Default and Order Granting Motion to Strike." The court denied the motion; hence, this appeal.

2. *The Vacation of Default Judgments.*

Rule 60(b) of the Nevada Rules of Civil Procedure sets forth the manner in which a court may relieve a party who has been served and has defaulted. It requires such a party, upon proper motion, to show the reason for the default, i.e., mistake, inadvertence, surprise, or excusable neglect.[4]

---

of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined."

[3]NRCP 37(d):

"(d) *Failure of Party to Attend or Serve Answers.* If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

[4]NRCP 60(b):

"*Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Appellants concede that a 60(b) motion was available to them.[5]

On the other hand, Rule 59(e) provides an opportunity, within a severely limited time, to seek correction at the trial court level of an erroneous order or judgment, thereby initially avoiding the time and expense of appeal. Rule 59(e) provides the remedy that, where the issues have been *litigated* and resolved, a motion may be made to alter or amend a judgment. Such a motion might propose to alter a judgment of dismissal without prejudice to a dismissal with prejudice and vice versa; to include an award of costs; or to change the time and conditions of the payment of a master.

As a policy matter, we believe that a defendant against whom a default judgment has been entered should not be relieved of that default judgment without demonstrating the reason why it should be set aside. To rule otherwise would emasculate Rule 60(b), for any party who had been defaulted could, within 10 days after notice of such default, file a 59(e) motion to alter or amend the judgment without asserting any reason why he should be relieved of the default.

The order of the district court denying appellants' motion to set aside the default judgment entered against them is affirmed.

ZENOFF, BATJER, and THOMPSON, JJ., and YOUNG, D. J., concur.

---

[5]During oral argument before this court on November 18, 1970:

Question by the court: "Would you also agree that a 60(b) motion was available to you upon receipt of the notice of judgment of July 1, 1969?"

Answer by Mr. Jerry Lane, counsel for appellants: "Yes."