OPINION

Per Curiam:

Paradise Palms Community Association has appealed from two orders of the district court denying the Association’s motions to (1) set aside a default judgment and (2) alter or amend the order that denied the motion to set aside the default. We affirm the orders of the district court denying both motions.
The motion to set aside the default was filed approximately 19 months after the default had been entered. It was predicated on Rule 60(b) of the Nevada Rules of Civil Procedure,[1] and *861 particularly reason (3) cited therein, that the judgment was void because the person who had accepted service for the Association was not in fact at that time an officer of the Association. After a hearing before the court, the judge found otherwise, and he denied the motion on November 7, 1969. Notice of entry was served on November 10, 1969.
Rather than appeal at that time from the order of denial, the Association sought to amend or alter the judgment of denial by filing on November 21, 1969, a 59(e) motion,[2] which the judge denied on December 11, 1969. The Association filed a notice of appeal from both orders of denial on January 5, 1970. The 30-day period from notice of entry of judgment denying the 60(b) motion had expired. NRCP 73(a).[3] The 30-day period is jurisdictional. See Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960); Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956); Rogers v. Thatcher, 70 Nev. 98, 255 P.2d 731 (1953).
Since we have ruled that a 59 (e) motion may not be utilized to vacate a default judgment, it is not available to toll the 30-day appeal period from an order denying a 60(b) motion. See Chiara v. Belaustegui, 86 Nev. 856, 477 P.2d 857 (1970).
The orders of the district court denying both motions are affirmed.
*857 “Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within 10 days after such commencement, leave of court granted with or without notice must first be obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service *858 of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.”

NRCP 60(b):
“(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment,
*861 order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.”

NRCP 59(e):
“(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after service of written notice of entry of the judgment.”

NRCP 73(a):
“(a) When and How [Appeal] Taken. When an appeal is permitted the time within which an appeal may be taken shall be 30 days from service of written notice of the entry of the judgment appealed from. . . .”