PARADISE PALMS COMMUNITY ASSOCIATION, a NEVADA NONSTOCK COOPERATIVE ASSOCIATION, APPELLANT, v. PARADISE HOMES, a NEVADA CORPORATION, IRWIN MOLASKY, AND HARRY LAHR, RESPONDENTS.

No. 6878

January 29, 1973                    505 P.2d 596

---

[Rehearing denied March 21, 1973]

*Harry J. Mangrum, Jr.,* of Las Vegas, for Appellant.

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal is from an order of the district court granting summary judgment to the defendants, Paradise Homes, Molasky and Lahr, on the first of three claims for relief asserted against them by Paradise Palms Community Association. The district court determined that there was no just reason to delay the entry of judgment. NRCP 54(b). The action remains pending against the defendants on the second and third claims for relief alleged.

The propriety of the summary judgment on the first claim for relief turns upon the legal effect of prior litigation between Paradise Homes as plaintiff and Paradise Palms Association as defendant. In that case Homes secured a default judgment against the Association in a suit upon a promissory note. The Association moved to set aside the judgment thus entered on the ground that it was void, since Irwin Molasky who was served with process in an effort to acquire jurisdiction over the Association, was not a person upon whom service was authorized. After an evidentiary hearing, the district court found that the service of process upon Molasky was valid, and denied the Association's motion. The Association appealed. We affirmed, since the appeal was not timely filed. Paradise Palms v. Paradise Homes, 86 Nev. 859, 477 P.2d 859 (1970).

In the present case, the Association's first claim for relief seeks to have the prior default judgment against it declared void, again alleging that Irwin Molasky was not a person upon whom service of process properly could be made and that the default judgment was and is void. Since that issue of fact was adjudicated in the first case, each of the defendants contend that the doctrine of collateral estoppel precludes the relitigation thereof. Cf. Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964).[1] That doctrine obviously is available to the Defendant Paradise Homes and affords immunity to the first claim for relief asserted against that defendant. However, the other defendants, Molasky and Lahr, were not parties to the first case. Whether they also may claim the benefit of collateral estoppel is the question to which we now turn.

In the landmark case of Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 122 P.2d 892 (Cal. 1942), Justice Traynor considered this question with regard to the doctrine of res judicata. He wrote: "The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. (Citations) The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (Citations) The doctrine also serves to protect persons from being twice vexed for the same cause. Ibid. It must, however, conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. (Citations)

"Many courts have stated the facile formula that the plea of res judicata is available only when there is privity and mutuality of estoppel. (Citations) Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. Ibid. A party in this connection is one who is 'directly interested in the subject matter, and had

---

[1] The alternative Second and Third Claims for relief allege that the service of process upon Molasky in the prior action was valid, and seek relief upon the ground of extrinsic fraud. As noted, these claims remain pending.

a right to make defense, or to control the proceeding, and to appeal from that judgment.' 1 Greenleaf, Evidence, 15th Ed., sec. 523. (Citations) A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. (Citations) The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. (Citations)

"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. (Citations) He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. Ibid. There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. (Citation) Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. (Citations) . . .

"In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

That decision is equally applicable to the doctrine of collateral estoppel. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971); Sample v. Chapman, 497 P.2d 1334 (Wash.App. 1972); Murphy v. Northern Colorado Grain Co., 488 P.2d 103 (Colo.App. 1971); Bahler v. Fletcher, 474 P.2d 329 (Ore. 1970); Halvorsen v. Grain Dealers Mut. Ins. Co., 210 F.Supp. 73 (W.D. Mich. 1962). We approve the Bernhard decision for Nevada.

The instant matter satisfies the test announced in Bernhard. The issue decided in the first case between Paradise Homes and Paradise Association is identical to the controlling issue of the first cause of action here. There was a final judgment, the validity of which was fully explored in an adversary manner on the motion to set aside the default judgment, and a timely appeal was not taken from the ruling thereon. The party against whom the affirmative defense of collateral estoppel is asserted, Paradise Association, was a party to the prior litigation. Accordingly, the summary judgment for the defendants on the first claim for relief is affirmed.

ZENOFF, BATJER, and MOWBRAY, JJ., and McDANIEL, D. J., concur.