DARLENE DYE LONG, APPELLANT, v. A-1 24 HOUR TOWING, INC., AND STEVEN RAY KING, RESPONDENTS.

No. 16136

November 5, 1985            707 P.2d 1151

*John G. Watkins,* Las Vegas, for Appellant.

*Fitzgibbons, Cobb & Morrell,* Las Vegas, for Respondents.

**OPINION**

*Per Curiam:*

On February 22, 1984, appellant Darlene Long filed a complaint against respondents seeking recovery for personal injuries arising out of an automobile accident. On July 11, 1984, the clerk

of the district court entered defaults against respondents. On August 9, 1984, Long filed a motion for a time certain to prove up the default and requested an order shortening time. Long's motion, however, provided no proof of service on respondents. The motion for the order shortening time was granted that same day.

On August 15, 1984, the district court heard the motion to prove up the default; respondents were neither present nor represented. The district court entered its default judgment on August 20, 1984, awarding Long $72,409.80 in damages.

Seven days later, on August 27, 1984, respondents filed a motion, expressly pursuant to NRCP 60(b)(1), seeking relief from the default judgment. Respondents contended, in their motion, that Long had not provided the notice required by NRCP 55(b)(2) prior to obtaining the default. On October 10, 1984, the court granted respondents' motion, set aside the default judgment, and allowed respondents to answer appellant's complaint. Appellant has attempted to appeal from this order.

On May 31, 1985, we issued an order requiring appellant to show cause why this appeal should not be dismissed for lack of a final, appealable determination. On June 25, 1985, we issued a preliminary order indicating that the appeal would not be dismissed on the jurisdictional ground raised in our previous order. Upon further review and after becoming fully advised in the matter, however, we conclude that the order appealed from is not appealable and that we lack jurisdiction to entertain this appeal.

NRAP 3A(b) designates the judgments and orders from which appeals may be taken in civil cases; where no authority to appeal is granted, no right exists. Burton v. Burton, 99 Nev. 698, 700, 669 P.2d 703, 704 (1983). Under NRAP 3A(b)(2), an appeal may be taken "from any special order made after final judgment *except an order granting a motion filed and served within sixty (60) days following entry of a default judgment, setting aside the judgment pursuant to NRCP 60(b)(1)*." (Emphasis added.) In the present case, respondents filed their motion to set aside the default judgment seven (7) days after the judgment was entered. Although the district court's order setting aside the default judgment did not cite NRCP 60(b)(1), clearly this rule furnished the basis for its order. NRCP 60(b) provides the procedure for setting aside a default judgment. *See* NRCP 55(c); 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2692 (1983).[1]

[1]As the authors of the treatise on Federal Practice and Procedure note, "[t]he distinction between an entry of default and a default judgment . . . has significance in terms of the procedure for setting them aside. The party against whom a default has been entered typically will attempt to have his

*See also* Chiara v. Belaustegui, 86 Nev. 856, 477 P.2d 857 (1970). Consequently, the order of the district court setting aside the default judgment in this case is not appealable under NRAP 3A(b). *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2693 at 477 n. 7.

Similarly, that portion of the district court's order setting aside the clerk's entry of the default is also not appealable. It is well settled that an appeal does not lie from an order setting aside the entry of a default. Kokkos v. Tsalikis, 91 Nev. 24, 25, 530 P.2d 756 (1975).

Having concluded that we lack jurisdiction to entertain this appeal, we hereby dismiss this appeal.

default set aside in order to enable the action to proceed. A motion for relief under NRCP 55(c) is appropriate for this purpose. . . ." *Id.* at 466. Relief from a default *judgment* must, however, be requested by a formal application pursuant to NRCP 60(b). *See id.* at 468.