**Vernon L. WILLIAMS, Plaintiff,**

**v.**

**STATE INDUSTRIAL INSURANCE SYSTEM; and Laury M. Lewis, Individually and as Manager of the State Industrial Insurance System, Defendants.**

**No. CV–N–87–301–ECR.**

United States District Court,
D. Nevada.

Oct. 23, 1987.

Vernon L. Williams, Encinitas, Cal., for plaintiff.

Pamela M. Bugge, Gen. Counsel, State Indus. Ins. System, Carson City, Nev., for defendants.

EDWARD C. REED, Jr., Chief Judge.

The plaintiff has filed a diversity complaint, alleging causes of action for the breach of the convenant of good faith and fair dealing, for the violation of fiduciary duties, for unfair trade practices, and for intentional infliction of emotional distress. All of these causes of action stem from the plaintiff's claims against the Nevada State Industrial Insurance Commission (formerly the Nevada Industrial Commission) which was filed in 1972. The plaintiff had filed that claim as a result of injuries he allegedly suffered while employed by an employer which carried SIIS insurance. The commission denied his claim, and the plaintiff sought review of this order in the state district court and the state supreme court. Those courts ultimately upheld the commission's denial of benefits. *See Nevada Industrial Insurance Commission v. Williams,* 91 Nev. 686, 541 P.2d 905 (1975).

Since that time, the plaintiff has filed a seemingly endless succession of lawsuits, all of which deal with the denial of his claim in one respect or another. *See e.g., Williams v. NIC,* CV–LV–77–65–RDF (complaint under Civil Rights statutes dismissed as res judicata); *Williams v. Reiser, et al.,* CV–LV–78–214–RDF (complaint under Civil Rights statutes dismissed for failure to state a claim); *Williams v. Nusbaum, et al.,* CV–LV–82–214–HEC (complaint under Civil Rights statutes dismissed as res judicata and for failure to state a claim); *Williams v. King, et al.,* CV–LV–84–200–HEC (complaint for violation of state law dismissed); *Williams v. State of Nevada,* CV–S–86–704–LDG (complaint under Civil Rights statutes dismissed as res judicata). All of the above actions were lawsuits against the state's industrial insurance system and other assorted defendants relating to the commission's finding that the plaintiff was not entitled to worker's compensation benefits.

The defendants in this suit have now moved to dismiss on the basis of res judicata, among other things. The Court has treated the motion to dismiss as a motion for summary judgment, in view of the evidentiary material which the defendants attached to their motion. The plaintiff has therefore been given a chance to respond to the motion for summary judgment. After careful review of all of the pleadings and evidence filed in this case, there is no doubt that the defendants are entitled to the entry of summary judgment in their favor.

## RES JUDICATA/CLAIM PRECLUSION EFFECT OF STATE JUDGMENT

The defendants first assert that the res judicata effect of the original state court judgment bars this action. That assessment is correct. When a federal district court, sitting as the second forum (F2), is called upon to give claim preclusive effect to a prior state court judgment (F1), the F2 court must analyze the F1 judgment in accordance with the F1 court's law of claim preclusion. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 80, 104 S.Ct. 892, 895, 79 L.Ed.2d 56 (1984); *Brennan v. EMDE Medical Research, Inc.,* 652 F.Supp. 255, 260 (D.Nev.1986); 28 U.S.C. § 1738. The Court must therefore turn to Nevada's law of claim preclusion to determine the effect of the 1975 state supreme court decision. *Brennan, supra.*

In Nevada, a final, valid judgment rendered on the merits, is a bar to subsequent claims which were or could have been raised in the first action between the same parties or those in the privity with them upon the same cause of action. *York v. York*, 99 Nev. 491, 664 P.2d 967, 968 (1983); *Jones v. Free*, 83 Nev. 31, 422 P.2d 551, 553 *cert. denied*, 389 U.S. 823, 88 S.Ct. 57, 19 L.Ed.2d 76 (1967); *see also Brennan, supra.*

## FINALITY AND VALIDITY

■ There is no doubt that the 1975 was a valid, final judgment. There are no personal jurisdiction or subject matter jurisdiction defects which could possibly render the judgment invalid as a matter of Nevada and constitutional law. *See* NRS § 14.065. In addition, Nevada law indicates that a judgment is final once the litigation has come to an end. *Paul v. Pool*, 96 Nev. 130, 605 P.2d 635, 637 (1980). In this case, the litigation is clearly at an end, as the state supreme court entered its order over ten years ago, and no review by the United States Supreme Court was ever sought.

## ON THE MERITS

■ It is clear from the face of the state supreme court's disposition of the prior case that the decision was on the merits. The plaintiff had opportunity, both at the commission level, and on review by the state district court, to submit evidence and testimony to the court for its review. The state supreme court found that no error had been committed in the lower courts, thereby reaching the merits of the case.

## PARTIES AND PRIVIES

■ The State of Nevada has apparently abandoned the old mutuality of estoppel requirement. Thus, it is no longer a bar to the assertion of res judicata or collateral estoppel that one of the parties was not formally a party to the former litigation. If that party was a party or privy to a party to the former case, he may still be bound. As the Supreme Court noted in *Paradise Palms Community Ass'n v. Paradise Homes*, 89 Nev. 27, 505 P.2d 596

(1973), *cert. denied*, 414 U.S. 865, 94 S.Ct. 129, 38 L.Ed.2d 117 (1973), however,

> [t]he criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided.... He is bound by that litigation only if he has been a party thereto or in privity with a party thereto.... There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

*Id.*, 505 P.2d at 599. Therefore, in order to assert res judicata offensively, as the defendants seek to do in this case, the only question is whether the plaintiff was a party or privity of a party in the prior case. That all of the defendants in the present case may not have been involved in the first case is simply not relevant under Nevada law, where mutuality has been abolished.

It is clear in this case that the plaintiff was a party of the prior litigation. He was, in fact, the individual who instigated the entire lawsuit. As such, he has had his day in court, and there is no prohibition under Nevada law or the Constitution which prevents his being bound by that judgment now.

## IDENTITY OF ACTION

■ Under Nevada law, two cases involve the same claim for claim preclusion purposes when the same evidence supports the present and former causes of action. *Round Hill Gen. Improv. Dist. v. B–Neva, Inc.*, 96 Nev. 181, 606 P.2d 176, 178 (1980). In this case, the plaintiff has failed to plead his complaint with any particularity. Indeed the complaint is merely a set of conclusory allegations, with no apparent foundation in fact. The defendants' motion for summary judgment, and the evidence filed in support thereof, however, makes clear that this complaint is indeed rooted in the

same transactional nucleus of facts upon which the original state court lawsuit was based. The plaintiff has failed to controvert this evidence in any way, which forces the Court to accept the defendants' version of the facts as true. *See* Fed.R.Civ.P. 56(e). By virtue of the identity of the factual bases in the two cases, it is clear that the plaintiff has split his causes of action, and that the defendants are entitled to assert the prior state court judgment as a bar to this action.

## ATTORNEY'S FEES

■ The defendants have also moved for attorney's fees to cover their costs associated with this action, on the basis that the action is frivolous. The federal courts, of course, follow the American Rule with respect to attorney's fees, which normally requires the parties to bear their own costs in the absence of statutory authorization. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The defendants have asserted no statutory authorization for fees in this case, and the Court's research has not discovered any. Fees may still be awarded, however, if the prevailing party can demonstrate that the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Beaudry Motor Co. v. ABKO Properties, Inc.*, 780 F.2d 751, 756 (9th Cir. 1986).

The Court has no difficulty finding that the plaintiff has filed this case in bad faith. As noted above, this is the latest installment in a series of frivolous suits that began after the state supreme court denied the plaintiff worker's compensation claim in 1975. Whereas the original lawsuit may have had some merit to it, there is no doubt that the fairly torrential flood of other actions following thereafter were filed on extremely shaky legal ground. This case is no exception. Aside from the fact that res judicata conclusively bars this suit, and disregarding the fact that the statute of limitations for all these actions probably expired ten years ago, it is extremely difficult for the Court to envision how the actions of the defendants could possibly give rise to causes of action under the breach of the covenant of good faith or under state statutes regulating fair business practices. It is clear that the plaintiff's motive in this case is vexatious, as he can only possibly hope to harass the defendants. In cases such as this, the circuit has clearly stated that fees may be awarded as a punitive measure to prevent further bad faith, frivolous lawsuits from being filed. *Id.*

The defendants' motion for attorney's fees will therefore be granted. The defendants have yet to supply the Court with any evidence regarding the time expended in defending this suit and other information which is required under *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir.1975) to figure the amount of fees. The defendants will be allowed a period of time within which to supply this information to the Court.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion for summary judgment is granted. The defendants have shown that they are entitled to assert the res judicata effect of the prior state court judgment as a bar to this action. The Clerk shall enter judgment on the record in favor of the defendants and against the plaintiff.

IT IS FURTHER ORDERED that the plaintiffs' motion for attorney's fees is granted. It is clear from the pleading on file in this case that the plaintiff has brought this action in bad faith. The plaintiffs shall have twenty days from the date of this order within which to supply the Court with affidavits containing the information required by the *Kerr* case and its progeny. Defendant shall thereafter have 15 days within which to file a response to plaintiff's submission in regard to attorney's fees. There shall be no reply.