In the Matter of Elyse E.
**BERNSTEIN, Debtor.**

**The GREAT FRAME UP SYSTEMS,
INC. & Systems Realty Corp. of
Illinois, Plaintiff,**

**v.**

**Elyse E. BERNSTEIN, Defendant.**

**Bankruptcy No. 89–03532.
Adv. No. 89–1338TG.**

United States Bankruptcy Court,
D. New Jersey.

April 24, 1990.

Ira R. Deiches, Freeman, Mintz, Hagner & Deiches, Haddonfield, N.J., for plaintiffs.

Andrew E. Weiner, Weiner & Weiner, Haddonfield, N.J., for defendant.

## OPINION

### WILLIAM H. GINDIN, Chief Judge.

This matter comes before the court on motion of the defendant/debtor, Elyse E. Bernstein, to set aside the entry of default docketed on December 11, 1989.

The facts are simple. On October 13, 1989 plaintiff filed a complaint objecting to the discharge of the debtor and seeking a determination of non-dischargeability as to the plaintiff's claim based upon a judgment for fraud entered in the United States District Court for the Northern District of Illinois. In addition, plaintiff sought to deny a discharge under 11 U.S.C. § 727, asserting concealment of ownership interests in the debtor's business, failure to explain the whereabouts of property, destruction of property, and injury to the plaintiffs.

A summons was issued the day the complaint was filed. Service was made by regular mail upon the debtor and her attorney on November 2, 1989. The defendant admits receiving the summons during November and asserts that during that month, and particularly during the last part, debtor's attorney attempted to contact the attorney for the plaintiffs in hope of obtaining consent to an extension of time within which to file an answer. The debtor asserts that her counsel called the attorney for the plaintiff and left messages. Plaintiff's counsel argues that while he had conversations with the debtor's counsel, he never agreed to extend the time. A determination of those facts is not necessary to the determination of the issue.

On December 4, 1990, the plaintiffs filed a request for entry of default. On December 11, 1989 the court entered the default.

During the course of discussions, counsel for the debtor sought to have the default set aside and forwarded a proposed consent order to the plaintiffs' attorney which the latter refused to execute.

In his certification, counsel for the debtor asserts that the causes of action are inappropriate and that debtor is entitled to relitigate any issue previously determined by the Illinois court as well as defend against what are alleged to be baseless and harassing charges.

Plaintiffs assert that no meritorious defense has been shown and that there is no good cause for the setting aside of the default.

## DISCUSSION

This matter is governed by the provisions of Bankruptcy Rule 7055 which directs the application of Rule 55 of the Federal Rules of Civil Procedure. Rule 55(c) provides as follows:

> (c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

■ Since Fed.R.Civ.P. 60(b) applies to the setting aside of judgments, it is inapplicable in the instant case. As a threshold issue, it must be pointed out that there is a significant difference between the setting aside of the entry of the default and a setting aside of a default judgment. 10 C. Wright, A. Miller and M. Kane, Fed.Prac. and Proc. § 2692 (1983). The distinction is a real one and affects the procedure for setting the entry aside. See *Long v. A–1 24 Hour Towing Inc.*, 101 Nev. 682, 707 P.2d 1151 (1985); *Teal v. King Farms Co.*, 18 F.R.D. 447 (E.D.Pa.1955). The sole requirement for setting aside an entry of default is that good cause be shown.

Reliance by the plaintiff in the instant case on *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir.1984) is misplaced. That case involved both the setting aside of the default and the default judgment. There, the court asserted that some sort of meritorious defense needed to be shown. No such requirement can be found in Fed.R.Civ.P. 55(c). In *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14 (3d Cir.1985), Judge Sloviter lumped the test under Fed.R.Civ.P. 55(c) with the test under Fed.R.Civ.P. 60(b)(1) by including the factors for the setting aside of the default judgment. Her reasoning is clear. Where the application is made after the judgment has been entered, one must apply the stricter test in order to set aside the judgment. *Id.* at 19. Thus, the distinction between the two procedural steps becomes important.

In the instant case, no judgment was entered and the only thing that must be shown is good cause.

While the factors are often treated as being the same, *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398 (E.D.Pa. 1981), it is clear that the federal courts "grant relief from a default entry more readily and with a lesser showing than … in the case of a default judgment." Wright, Miller and Kane at 471. See *Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981).

█ In the instant case, an analysis of the facts set forth shows clearly that good cause has been shown. The debtor's assertion that counsel made a good faith effort to obtain an extension of time in which to answer by consent order must be accepted, although it is clear that full communication was never made. This fact in itself would constitute good cause for the setting aside of the entry of default under Fed.R.Civ.P. 55(c).

Going further and incorporating the more stringent requirements of Rule 60(b) for the setting aside of a judgment, but acknowledging the less stringent requirement of *Meehan*, the test has been met in debtor's assertions. Clearly, the plaintiff will not be prejudiced since a determination of the merits of these serious allegations will require at least a proof hearing whether the default has been entered or not. The defendant, furthermore, asserts a meritorious defense and should have an opportunity to make an appropriate showing. Finally, the default was not the result of the defendant's culpable conduct.

While the defendant's counsel may have been somewhat lax, he clearly relied on the general courtesy one anticipates between counsel. Both society and the legal profession require that counsel behave toward one another in a manner which will make the practice of law a demonstration of fairness while appropriately and strongly asserting all of the substantive rights required to protect clients. The entry of a default is not a substantive right. It is a procedural device which allows the matter to go forward and a case to be closed.

The acquisition of rights by the plaintiffs in the instant action by aggressive lawyering and the denial of civility necessary to make the system function appropriately cannot be asserted in contravention of the debtor's right to her day in court.

No matter how important it may seem that time periods be followed, in the instant case there is no assertion that they operate as a statute of limitations. Furthermore, it was stated most succinctly and most fairly by Judge Higginbotham in *U.S. v. $55,-518.05*

> We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment "so that cases may be decided on their merits." Citations omitted.

728 F.2d at 194–195

In the instant case, the defendant/debtor is entitled to her day in court and an order will be entered setting aside the default.

Counsel for the debtor has submitted an order and same has been entered.