UNITED STATES of America, Plaintiff,

v.

Cyril PLAINBULL and Arvilla Plainbull, Defendants.

No. CV 89–193–BLG–JFB.

United States District Court,
D. Montana,
Billings Division.

Nov. 27, 1990.

Frank D. Meglen Asst. U.S. Atty., Billings, Mont., Blake A. Watson, Appellate Section, Environment Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

D. Michael Eakin, Montana Legal Services Assoc., Billings, Mont., for defendants.

## ORDER

BATTIN, Senior District Judge.

Presently pending before the Court is defendants' Motion to Dismiss, pursuant to Rule 12, Fed.R.Civ.P., based on lack of subject matter jurisdiction and failure to state a claim. Alternatively, defendants ask the Court to stay these proceedings pending a jurisdictional determination by the Tribal Court. For the reasons stated below, defendants' motion is granted.

## FACTS AND PROCEDURAL BACKGROUND

This action was filed by the United States of America, on behalf of the Crow Tribe of Indians, pursuant to 28 U.S.C. §§ 1331 and 1345. Plaintiff alleges that defendants, members of the Crow Tribe residing within the exterior boundaries of the reservation, have grazed livestock on all or parts of three tribal units without a grazing permit and without paying grazing fees. Plaintiff notes continuous instances of trespass spanning from the late 1970's through 1988. Plaintiff seeks to enforce the penalty provisions of 25 U.S.C. § 179 and trespass regulations enacted pursuant to 25 U.S.C. § 466 and found at 25 C.F.R. Part 166. Specifically, plaintiff seeks to recover penalties in accordance with 25 C.F.R. § 166.24(b) in the amount of $1.00 per head per day of trespass, plus the value of forage consumed. The total amount sought is $1,641.29 for trespass penalties and the value of forage consumed, and $13,712.62 for past due grazing fees. Plaintiff also seeks to permanently enjoin defendants from grazing livestock on tribal range units without a valid grazing permit.

Defendants move for dismissal under Rule 12, arguing (1) that a conflict of interest exists, since the United States has a trust obligation to both the Crow Tribe and to its individual members, and cannot represent one in an action against the other; and (2) that the Complaint fails to state a claim upon which relief can be granted, since the statutes invoked by plaintiff are either inapplicable to tribal members or are part of the Indian Reorganization Act ("IRA"), 25 U.S.C. § 461–479, which does not apply to the Crow Tribe of Indians. Alternatively, defendants argue that the exercise of federal jurisdiction in this case would interfere with the Crow Tribe's right of self-government, and that these proceedings must therefore be stayed to allow the tribal court an opportunity to hear the matter.

The Court has carefully considered the briefs, oral argument and affidavits submitted by the parties, and having so done is now prepared to rule.

## DISCUSSION

*I. Subject Matter Jurisdiction*

Defendants first challenge the subject matter jurisdiction of the federal district court in this case. As jurisdictional bases for its claims, plaintiff alleges that "[t]his is a civil action pursuant to 28 U.S.C. §§ 1331 and 1345, in which the United States seeks to enforce provisions of 25 U.S.C. §§ 179 and 466 and trespass regulations found at 35 C.F.R. Part 166." Complaint, Pg. 1. This Court finds that it may properly exercise jurisdiction over the claims asserted under 28 U.S.C. §§ 1331, 1345 and 1355, and will proceed to consider the merits of defendants' motion to dismiss. *See United States ex. rel. Chase v. Wald*, 557 F.2d 157, 159 (8th Cir.1977);

*Fraser v. United States*, 261 F.2d 282, 283 (9th Cir.1958).

## II. *Failure to State a Claim*

■ Next, defendants seek dismissal of this action under Rule 12(b)(6), Fed.R.Civ. P., arguing that 25 U.S.C. § 179 does not apply to tribal members, and that the regulations set forth at 25 C.F.R. Part 166 do not apply to members of the Crow Tribe, since they were promulgated under the Indian Reorganization Act ("IRA"), 25 U.S.C. § 461–479, and the Crow Tribe has not elected to come under that Act. In ruling upon this portion of defendants' motion, the Court notes that both parties have submitted affidavits in support of their respective positions. Therefore, the motion to dismiss will be converted under Rule 12(b), Fed.R.Civ.P., and treated as one for summary judgment. Typically, conversion of a motion to dismiss requires the Court to give notice to the parties.

> In [the Ninth] circuit, [however], notice is adequate if the party against whom the judgment is entered is "fairly apprised" that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment. When a party is represented by counsel formal notice may be unnecessary....
>
> A represented party who submits matters outside of the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment.

*Grove v. Mead School District.*, 753 F.2d 1528, 1532–33 (9th Cir.1985) (citations omitted); *see also Granite Construction Co. v. Allis–Chalmers Corp.*, 648 F.Supp. 519, 520 (D.Nev.1986).

After careful consideration of the briefs and affidavits submitted by the parties, the Court is persuaded by defendants' argument. With respect to the enforcement of 25 U.S.C. § 179 against tribal members, the Court recognizes that, at first blush, § 179 would appear to apply to Indians and non-Indians alike who violate the proscriptions of that section. The language of the statute is broad, providing that "[e]very person" who engages in the proscribed conduct is liable for the statutory penalty. Section 179, however, was originally enacted as part of the Act of June 30, 1834, c. 161, 4 Stat. 730, and must be read in conjunction with other sections of that Act. Section 180 of Title 25, enacted pursuant to that same Act, also applies to "[e]very person", prohibiting "settlement on any lands belonging, secured, or granted by treaty with the United States to any Indian tribe, or surveys or attempts to survey such lands, or to designate any of the boundaries by marking trees, or otherwise ...". 25 U.S.C. § 180. It makes no sense to contend that Congress intended to include tribal members within the scope of the term "every person" in § 180, thereby precluding tribal members from settling upon their own lands. The use of that same term in § 179 leads to the inescapable conclusion that Congress also did not intend for § 179 to apply to Indian persons. Instead, the plain purpose of the statutory scheme was to protect Indian people and their lands from encroachment by white settlers. The statute may not now be applied to penalize Indian persons for activities on their own lands. Defendants' motion is therefore granted, to the extent that plaintiff seeks to recover under 25 U.S.C. § 179.

Turning to plaintiff's attempt to recover penalties and damages under 25 U.S.C. § 466 and regulations promulgated thereunder, the Court first notes that § 466 was enacted as part of the IRA, and does not apply "to any reservation wherein a majority of the adult Indians, voting at a special election duly called by the Secretary of the Interior, shall vote against its application." 25 U.S.C. § 478. The Crow Tribe has elected not to come within the IRA, and the provisions of § 466 are therefore not applicable to the Tribe or its members.

Notwithstanding the fact that § 466 does not apply to the Crow Tribe, the Tribe has enacted a resolution, Crow Tribal Resolution No. 86–30, which authorizes the United States to manage grazing lands within the

reservation, and provides that violators "may be fined in accordance with the Code of Federal Regulations, Paragraph 151.24", which is now 25 C.F.R. § 166.24. *See,* Affidavit of Delbert Brewer. Section 166.24 of the Code of Federal Regulations, promulgated pursuant to 25 U.S.C. § 466, prohibits grazing upon tribal lands without an approved permit, and provides, among other things, for a penalty of $1.00 per head, for each day of trespass, as well as recovery of the value of forage consumed. 25 C.F.R. § 166.24(a)(1), (b), (d)(1) and (2). Section 166.24 further provides for collection of penalties and damages by the Superintendent of the BIA, and for referral to the Department of Justice for "appropriate action" in the event a satisfactory settlement is not reached. 25 C.F.R. § 166.24(b), (e).

 The Tribe, by adopting this tribal resolution, has manifested its consent to the application of penalties set forth at 25 C.F.R. § 166.24, in the enforcement of tribal grazing violations. However, by doing so, the Tribe has not made a portion of the Indian Reorganization Act codified at 25 U.S.C. § 466, otherwise unapplicable to the Tribe under 25 U.S.C. § 478, applicable to the Tribe.

Instead, the Crow Tribe has simply authorized the United States to enforce a tribal resolution that adopts the penalties set forth in a federal regulation as the measure of the tribal penalty for illegal grazing. While the United States may have accepted this responsibility, the tribe's delegation of its authority by tribal resolution does not alone serve to confer subject matter jurisdiction upon this Court. Nor do any of the jurisdictional bases pled by plaintiff serve to establish this Court's subject matter jurisdiction over efforts by the Tribe, or the United States on its behalf, to enforce a tribal resolution. For those reasons, the Complaint is properly dismissed.

The Court also notes that because this case essentially involves the enforcement of a tribal resolution against a tribal member, it appears to be an internal tribal matter which ought to be resolved in the tribal court system. The Courts have recognized a "longstanding policy of encouraging tribal self-government", *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 14, 107 S.Ct. 971, 975, 94 L.Ed.2d 10 (1987), which this Court will adhere to as an alternative basis for dismissal of the present action out of considerations of comity.

Having so concluded, the Court need not address the other issues raised by defendants in their Motion to Dismiss. Based on the foregoing,

IT IS ORDERED that defendants' Motion to Dismiss is granted.