EDWARD A. ECKERSON, BOLETTA H. RUNQUIST, AILEEN H. MAKI, APPELLANTS, v. C. E. RUDY, INC., A CORPORATION, AND THE VEGAS RANCHO ACRES, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 3880

March 28, 1956.                    295 P.2d 399.

*Howard W. Babcock,* of Las Vegas, for Appellants.

*David Zenoff, Calvin C. Magleby* and *John Manzonie,* for Respondents.

# OPINION

By the Court, MERRILL, C. J.:

This is an appeal from order of the trial court denying appellants' motion to intervene under Rule 24(a), N.R. C.P., in an action brought by respondent C. E. Rudy, Inc. against respondent Vegas Rancho Acres, Inc. The trial court's action was based upon the fact that at the time intervention was sought the controversy had been settled. In our view the trial court was correct and should be affirmed. By the time the application for intervention was made a default judgment had been entered

against the defendant and that judgment had in fact been satisfied.

Appellants contend, however, that the judgment is void for the reason that the default was improperly entered, defendant having appeared by motion to dismiss. They seek intervention for the purpose of setting aside the default and judgment and, as minority stockholders of defendant corporation, defending the action on its behalf.

From the record it appears clear that the default was entered with the consent of the defendant corporation and that the judgment is tantamount to a consent judgment. The day prior to entry of default at a meeting of defendant's board of directors the validity of plaintiff's claim was recognized and a settlement unanimously agreed upon. As to this agreement appellants allege neither fraud nor lack of authority on the part of the board of directors. Subsequently, and after default judgment had been entered, the agreement of settlement was reduced to writing, signed by the parties and carried into effect. An acknowledgment of satisfaction of judgment has been entered by the plaintiff. Appellants, disapproving of this disposition of the matter by their board of directors, seek to undo the settlement made by that board. This they may not do by intervention where the controversy already is ended and settled to the satisfaction of the parties litigant.

It might well be said that the motion was not a "timely application" under Rule 24 (a), N.R.C.P. See Barron and Holtzoff, Fed. Practice and Procedure (rules edition), sec. 594. In our view, however, it would more accurately be said that there was no pending action to which the intervention might attach.

Affirmed.

BADT and EATHER, JJ., concur.