AETNA LIFE & CASUALTY INSURANCE COMPANY,
Appellant, v. MARIE ROWAN, Respondent.

No. 21363

June 6, 1991                                        812 P.2d 350

*Keefer, O'Reilly, Ferrario & Eskin*, Las Vegas, for Appellant.

*Albert D. Massi*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On May 2, 1989, respondent filed in the district court a complaint seeking damages against a third party for injuries that respondent received in an automobile accident. No answer was filed and, on January 22, 1990, the district court entered a default against the alleged tortfeasor. On February 6, 1990, appellant filed in the district court a motion to set aside the default pursuant to NRCP 55. Appellant also requested permission to file a complaint in intervention to defend against a claim by respondent for uninsured motorist benefits. *See* Allstate Insurance Co. v. Pietrosh, 85 Nev. 310, 454 P.2d 106 (1969). The district court denied both motions, and this appeal followed.

On August 22, 1990, this court entered an order noting potential jurisdictional defects. Specifically, we noted that orders denying motions to set aside defaults pursuant to NRCP 55 are not

substantively appealable. *See* Long v. A-1 24 Hour Towing, 101 Nev. 682, 707 P.2d 1151 (1985); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). We also noted that because the district court denied appellant's motion to intervene, appellant never became a party to the actions below. *See* Moore v. District Court, 77 Nev. 357, 364 P.2d 1073 (1961). Thus, we opined that the order denying appellant's motion to intervene may not be substantively appealable. *See* NRAP 3A (permitting only aggrieved parties to appeal). Therefore, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response to this court's order, appellant concedes that an order denying a motion to set aside a default is not substantively appealable. Appellant asserts, however, that an order denying a motion to intervene is substantively appealable, and cites cases from other jurisdictions to support its argument.

Appellant's authorities are unpersuasive. In Moore v. District Court, 77 Nev. 357, 364 P.2d 1073 (1961), this court clearly held that a proposed intervenor does not become a party to a lawsuit unless and until the district court grants a motion to intervene. NRAP 3A confers a right to appeal only upon a *party* aggrieved by a judgment of a district court. Therefore, we conclude that an appeal cannot lie from an order of a district court that denies a motion to intervene. Review of such orders may be had in this court only by a petition for extraordinary relief.

Because appellant has failed to challenge a substantively appealable order, we conclude that we lack jurisdiction to entertain this appeal. Accordingly, we dismiss this appeal.