ERIC LOPEZ AND GINA LOPEZ, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF ERWIN LOPEZ, A MINOR, APPELLANTS, v. MERIT INSURANCE COMPANY, RESPONDENT.

No. 22862

June 9, 1993 853 P.2d 1266

*Albert D. Massi,* Ltd., and *Allen A. Cap,* Las Vegas, for Appellants.

*Lyles, Austin & Burnett* and *Richard C. Sipan,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants Eric Lopez and Erwin Lopez[1] (Eric and Erwin) were injured in an automobile accident and brought suit against the driver of the automobile that struck them. After Eric and Erwin were awarded two judgments against the opposing driver, respondent Merit Insurance Company (Merit), who had issued an uninsured/underinsured motorist insurance policy to Eric and Erwin's mother, Gina, attempted to intervene in the action and set aside the two judgments. The district court granted Merit's motions to intervene and to set aside the judgments, and this appeal ensued. Because Merit was permitted to intervene subsequent to the entry of final judgment in the case, and because Merit was not a party to the action and could therefore not have the judgments set aside pursuant to NRCP 60(b)(1), we reverse and remand to the district court with instructions.

### Facts

Eric and Erwin Lopez brought suit against Ted Leone (Leone) for injuries sustained when a car in which Eric and Erwin were riding was struck by a vehicle driven by Leone. Prior to filing their complaint against Leone, in a letter dated June 16, 1989, Eric and Erwin notified Merit[2] that they might have a claim against Merit based upon an uninsured/underinsured motorist policy issued by Merit to Eric and Erwin's mother, Gina. After significant pretrial development, Leone and his insurer, Allstate, agreed to settle Eric and Erwin's claims for Allstate's policy limits of $25,000.00 for each claimant. At the same time, Eric and Erwin entered into a covenant not to execute with Leone whereby they agreed not to seek any recovery in excess of the $25,000.00 policy limits from Leone's personal assets. Eric and Erwin instead sought to recover from Merit on their mother's uninsured/underinsured motorist policy.

In a letter dated December 7, 1990, Eric and Erwin notified Merit of their settlement with Leone, and they demanded pay-

[1]Gina Lopez brought suit on behalf of herself and as guardian ad litem of her minor son, Erwin Lopez.

[2]The litigation posture of the parties to this appeal is somewhat convoluted. Appellants Eric and Erwin Lopez were the plaintiffs in the underlying personal injury claim. The defendant, Ted Leone, was sued by appellants in the underlying action, but is not a party to this appeal and has no relation to the respondent. The respondent here, Merit Insurance Company, was not a party to the underlying personal injury claim but was granted intervention in that action, following the entry of judgment, to protect its interest as to any future suit by appellants against respondent.

ment of the policy limits of their coverage with Merit, which were $15,000.00 per person and $30,000.00 per occurrence. In a letter dated January 10, 1991, Eric and Erwin informed Merit that a trial date for the case was set for March 18, 1991. Further correspondence between Merit and Eric and Erwin included an offer of settlement proposed by Merit, which was rejected by Eric and Erwin in a letter that advised Merit of their intention to proceed to trial.

Following settlement between Eric and Erwin and Leone for Leone's policy limits, the district court allowed Eric and Erwin to "prove up" damages against Leone.[3] Because of the prior settlement, neither Leone nor Allstate contested the prove up. The district court entered judgment in favor of Eric in the amount of $108,263.75, plus interest and costs, and in favor of Erwin in the amount of $105,562.35, plus interest and costs. No appeal was taken from these judgments, and they became final.

Facing potential liability arising out of these judgments on its uninsured/underinsured motorist policy with Eric and Erwin's mother, Merit, on October 28, 1991, filed a "Motion To Set Aside Default Judgments[4] And To Intervene." The district court granted both motions, finding that Eric and Erwin "did not give proper notice of the action and its trial to MERIT INSURANCE COMPANY."

## Discussion

Eric and Erwin contend the district court erred in granting Merit's motion to intervene subsequent to the entry of final judgment in the case. NRS 12.130(1) provides that *"before the trial,* any person may intervene in an action or proceeding, who has an interest in the matter *in litigation,* in the success of either of the parties, or an interest against both." (Emphasis added.) NRS 12.130(2) further provides that an intervenor may join the

---

[3]The record before us does not contain a transcript of this "prove up" hearing, and there is no indication whether the district court made any finding of liability against Leone before allowing Eric and Erwin to prove damages. Before the district court, Merit never challenged the judgments on the basis that there was no determination of liability prior to the prove up of damages. In addition, Merit has not contended before this court that the district court's failure to find liability before allowing Eric and Erwin to prove damages voided the judgments against Leone. Accordingly, the issue is not before us. Furthermore, due to the sparseness of the record, we would be unable on the record before us to determine whether the district court made any finding of liability against Leone before entering the judgments. Resolution of this issue must await further proceedings.

[4]While Merit moved to set aside "default judgments," the judgments entered by the district court were not default judgments.

plaintiff "in claiming what is sought," or may join the defendant "in resisting the claims of the plaintiff." The plain language of NRS 12.130 clearly indicates that intervention is appropriate only during ongoing litigation, where the intervenor has an opportunity to protect or pursue an interest which will otherwise be infringed.[5] The plain language of NRS 12.130 does not permit intervention subsequent to the entry of a final judgment.

Our prior decisions support this conclusion. In Ryan v. Landis, 58 Nev. 253, 75 P.2d 734 (1938), the trial court granted appellant permission to intervene almost one year after judgment, but the order was later vacated. *Id.* at 258-59, 75 P.2d at 735. This court, citing the predecessor to NRS 12.130,[6] affirmed an order vacating the order granting intervention, finding that intervention was necessarily "not before trial, as the statute provides." *Id.* at 259, 75 P.2d at 735. This court stated that "in all cases [intervention] must be made before trial." *Id.* (quoting Kelly v. Smith, 268 P. 1057, 1059 (Cal. 1928)); *see* McLaney v. Fortune Operating Co., 84 Nev. 491, 499, 444 P.2d 505, 510 (1968) ("[t]he lower court allowed [appellants] to intervene . . . subsequent to the trial and after judgment. The motion to intervene came too late and should have been denied.").

In refusing to allow intervention subsequent to the entry of final judgment, this court has not distinguished between judgments entered following trial and judgments entered by default or by agreement of the parties. *Ryan,* 58 Nev. at 259-60, 75 P.2d at 735. In *Ryan,* this court stated:

> The intervention must be made before the trial commences. After the verdict all would admit it would be too late to intervene. But a voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record as fully and finally determines the controversy as a verdict could do. . . . It is not the intention of the statute that one not a party to the record shall be allowed to interpose and open up and renew a controversy which has been settled between the parties to the record, either by verdict or voluntary agreement.

[5]In Eckerson v. Rudy, 72 Nev. 97, 295 P.2d 399 (1956), this court considered whether a motion to intervene was untimely because it was not brought until after final judgment. We stated, "It might well be said that the motion was not a 'timely application' under Rule 24 . . . . In our view, however, it would more accurately be said that there was no pending action to which the intervention might attach." *Id.* at 99, 295 P.2d at 400 (citation omitted).

[6]The predecessor to NRS 12.130, N.C.L. § 8563, provided: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both." Ryan v. Landis, 58 Nev. 253, 259, 75 P.2d 734, 735 (1938); *see* NRS 12.130.

*Id.* at 260, 75 P.2d at 735 (quoting Henry, Lee & Co. v. Cass County Mill & Elevator Co., 42 Iowa 33 (1875)).

Merit suggests that a final judgment must be satisfied before intervention becomes improper and cites Eckerson v. Rudy, 72 Nev. 97, 295 P.2d 399 (1956), for this proposition. In *Eckerson,* this court affirmed the trial court's order denying intervention subsequent to the entry of a default judgment. *Id.* at 98, 295 P.2d at 399. At the time intervention was sought, the parties had settled the case, the defendant had consented to entry of default, default judgment had been entered, and the judgment had been satisfied. *Id.* at 99, 295 P.2d at 399. The proposed intervenors nevertheless believed the default judgment was improperly entered and sought to intervene in order to set aside the judgment. *Id.* This court found that ''[t]his they may not do by intervention where the controversy already is ended and settled to the satisfaction of the parties litigant.'' *Id.,* 295 P.2d at 400. Contrary to Merit's assertions, in *Eckerson,* we simply determined that public policy militates even more strongly against allowing intervention subsequent to the entry of judgment where the judgment has not only been entered but also satisfied. *Eckerson* is consistent with *Ryan* and NRS 12.130 in proscribing intervention subsequent to the entry of a final judgment. The district court therefore erred in allowing Merit to intervene after final judgments had been entered against Leone.

Because Merit was not named as a party to the action, and Merit could not properly intervene, Merit should not have become a party to Eric and Erwin's suit for personal injuries, from which the disputed judgments were obtained. ''[A] proposed intervenor does not become a party to a lawsuit unless and until the district court grants a motion to intervene.'' Aetna Life & Casualty v. Rowan, 107 Nev. 362, 363, 812 P.2d 350 (1991); *see* Moore v. District Court, 77 Nev. 357, 361, 364 P.2d 1073, 1077 (1961). Since the district court's order granting intervention was error, Merit should not be considered a party to this lawsuit.

NRCP 60 allows the district court to relieve ''a party'' from a final judgment, order, or proceeding upon a showing of ''mistake, inadvertence, surprise, or excusable neglect.'' NRCP 60(b)(1). Since Merit was never properly a party, Merit could not move to set aside Eric and Erwin's judgments pursuant to NRCP 60, and the district court erred in granting Merit's motion to set aside the judgments. *See* Aetna Life & Casualty v. Rowan, 107 Nev. 362, 363, 812 P.2d 350, 350-51 (1991) (because the right to appeal a judgment is reserved to ''parties'' under NRAP 3A, a proposed intervenor, who does not become a party until the motion for intervention is granted, cannot appeal a judgment).

Because we conclude Merit should not have been permitted to become a party to this action, we do not reach Eric and Erwin's other contentions of error, and the question of the binding effect on Merit of the two judgments against Leone must await further proceedings.[7]

Accordingly, we reverse and remand this case to the district court with instructions to vacate its order granting Merit's motions to intervene and to set aside default judgments.[8]

---

[7]In this appeal, both parties have extensively discussed the binding effect of Eric and Erwin's judgments against Leone on any future action by Eric and Erwin against Merit. Such estoppel issues are not relevant to this appeal, and we do not address them at this time. Their resolution will only be appropriate if and when Eric and Erwin bring a separate action against Merit in an attempt to enforce the judgments obtained against Leone.

[8]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.