OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court, family division, entered on June 2, 1993, in an action brought by Betty L. Olsen against her former husband, Alfred G. Olsen. The action below involves Betty Olsen’s continuing efforts to enforce Alfred Olsen’s compliance with spousal support provisions contained in a 1985 Oregon divorce decree, and is entitled: “BETTY L. OLSEN, Plaintiff, vs. ALFRED G. OLSEN, Defendant.”
 

 On June 2, 1993, the district court entered an order in that action, substantially and adversely affecting the rights and interests of a non-party, the Gladys Baker Olsen Family Trust (“the Trust”).
 
 [1]
 
 Thereafter, on June 11, 1993, the district court entered another order granting the Trust’s petition to intervene in the action “only for purposes of appealing” the order of June 2, 1993. The Trust then filed a timely notice of appeal, and on June 22, 1993, the Trust moved this court for an emergency stay of the district court’s order of June 2, 1993.
 

 On June 24, 1993, this court entered an order, granting the Trust’s emergency motion for a stay. Nonetheless, this court’s order also directed the Trust to show cause why this appeal should not be dismissed for lack of jurisdiction. Noting that only
 
 *840
 
 an aggrieved party may pursue an appeal,
 
 see
 
 NRAP 3A(a), this court stated:
 

 At the time the district court’s order was entered, [the Trust] was not a party to the action below. Further, the district court’s order granting [the Trust’s] motion to intervene appears to be void. At the time motion was granted, “there was no pending action to which the intervention might attach.” Eckerson v. Rudy, 72 Nev. 97, 99, 295 P.2d 399, 400 (1956). An intervenor does not become a party to an action until a motion to intervene is granted.
 
 See
 
 Moore v. District Court, 77 Nev. 357, 364 P.2d 1073 (1961). Thus, the district court’s order could not have created party status with respect to an order that was already entered. Further, NRCP 24 contemplates intervention for the purpose of adjudicating the interests of the parties to an action in the district court, including the interests of the intervenor; the rule does not purport to vest the district court with authority to declare that a non-party to a judgment may pursue an appeal. The appropriate remedy for challenging an order by a non-party is by way of a petition for an extraordinary writ.
 
 See
 
 Aetna Life & Casualty v. Rowan, 107 Nev. 362, 812 P.2d 350 (1991). It therefore appears that we lack jurisdiction to entertain this appeal.
 

 In response, the Trust urges this court to recognize an exception to the limitation in NRAP 3A(a) that only an aggrieved party may appeal. As the Trust argues, other jurisdictions have permitted a non-party who is bound and aggrieved by a court’s decision to appeal in certain circumstances.
 
 See, e.g.,
 
 Wieman v. Roysden, 802 P.2d 432 (Ariz.Ct.App. 1990) (non-party attorney against whom trial court imposed attorney’s fees is entitled to appeal from that portion of judgment adverse to him). Additionally, the Trust notes that other jurisdictions permit post-judgment intervention for the purpose of appeal.
 
 See
 
 United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977) (motion to intervene for the purpose of appealing the court’s denial of class action certification was timely filed where it was filed promptly after the final judgment of the district court); Moyer v. Board of County Com’rs of Lyon County, 415 P.2d 261 (Kan. 1966) (intervention may be allowed after a final decree where it is necessary to preserve some right which cannot otherwise be protected; right to appeal is such a right).
 

 Several recent decisions of this court, however, differ from the holdings of the other jurisdictions cited by the Trust. In Albany v. Areata Associates, 106 Nev. 688, 799 P.2d 566 (1990), for example, this court held that, pursuant to NRAP 3A, an attorney,
 
 *841
 
 who was not a party to the action in the district court, had no right to appeal an order imposing sanctions upon that attorney. Because the attorney had no speedy, adequate remedy in the ordinary course of law, this court observed that the attorney’s appropriate remedy was to petition this court for extraordinary relief.
 
 Id.
 

 More recently, we specifically held that a non-party could not intervene in an action subsequent to the entry of the final judgment.
 
 See
 
 Lopez v. Merit Ins. Co., 109 Nev. 553, 853 P.2d 1266 (1993). We further observed that NRCP 60 only allows “a party” to seek relief from a judgment. Therefore, because post-judgment intervention was impermissible, we concluded that the non-party never properly became “a party” to the action and could not properly seek relief from the judgment under NRCP 60(b)(1). Accordingly, we reversed and remanded the case to the district court with instructions to vacate its orders granting intervention and setting aside the judgments.
 
 Id.
 

 Similarly, in Aetna Life & Casualty v. Rowan, 107 Nev. 362, 812 P.2d 350 (1991), we held that NRAP 3A reserves the right to appeal a judgment to “parties.” Thus, we reasoned that, because a proposed intervenor does not become a party until intervention is granted, a proposed intervenor cannot appeal from a judgment entered in an action in which intervention was never granted.
 
 Id.
 
 at 363, 812 P.2d at 350-51.
 

 We recognize that there are well-reasoned, contrary authorities from other jurisdictions. As the above-cited holdings of this court illustrate, however, it has been the consistent policy of this court to foster simplicity, clarity and certainty in our jurisdictional rules by refraining from ad hoc dispensations and exceptions to those provisions.
 

 Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules . . . should be effected by the process of amendment, not by
 
 ad hoc
 
 relaxations ... in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.
 

 Thompson v. I.N.S., 375 U.S. 384, 390 (1964) (Clark, J. dissenting).
 

 In light of the foregoing, we conclude that the district court lacked jurisdiction to enter the order of June 11, 1993, permitting the Trust to intervene for the sole purpose of appealing the court’s earlier order of June 2, 1993.
 
 See
 
 Lopez v. Merit Ins. Co., 109 Nev. 553, 853 P.2d 1266 (1993). Therefore, the Trust cannot
 
 *842
 
 now properly be considered “a party” to the action below, and this court lacks jurisdiction to entertain this appeal.
 
 See
 
 Aetna Life & Casualty v. Rowan, 107 Nev. 362, 812 P.2d 350 (1991); Albany v. Arcata Associates, 106 Nev. 688, 799 P.2d 566 (1990). Accordingly, we order this appeal dismissed without prejudice to the Trust’s right to seek this court’s intervention by way of extraordinary writ.
 
 [2]
 

 It is so ORDERED.
 

 [1]
 

 Among other things, the family court awarded assets held by the trust to Betty, set aside the spendthrift provisions of the trust, removed Gladys Baker Olsen as trustee of the trust, directed the appointment of a corporate trustee to be designated by the attorney for the trust, directed the redrafting of the trust documents by the new trustee to favor Gladys Baker Olsen, the trustor, trustee and principal beneficiary of the trust, and designated various terms that must be included in the altered trust documents.
 

 [2]
 

 The trust shall have fifteen (15) days from the date of this order within which to file a properly documented petition for extraordinary relief with the clerk of this court. Further, the stay previously issued by this court shall remain in effect until such time as the remittitur in this appeal issues.
 
 See
 
 NRAP 41(a) (the remittitur of the court shall issue fifteen days after the entry of judgment). Finally, we have elected to treat respondents’ opposition of July 19, 1993, as a motion to reconsider this court’s order of July 16, 1993. Cause appearing, we deny reconsideration.