# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGEL LUGO, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF GEORGE CEFERINO LUGO
                    Appellant,
            vs.
ERIN MARGARET EVANS,
                    Respondent.

No. 74396



FILED

JUL 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
       DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order regarding a notice of suggestion of death on the record and request for substitution and a motion to set aside the dismissal of an annulment complaint. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

The district court case began with a complaint for annulment filed by respondent against George Lugo (Lugo). The complaint was dismissed in December of 2016. In July of 2017, Angel Lugo filed a suggestion of death on the record and request to substitute in place of Lugo. He also filed a motion to set aside the dismissal of the annulment complaint and to file a responsive pleading. The district court denied the motion to substitute and indicated that even assuming the motion to substitute were appropriate, the request to set aside the dismissal is denied. Angel, as personal representative of Lugo's estate, appeals from the order denying the motion to substitute and regarding the request to set aside the dismissal of the annulment.

18-26216

Our review of the docketing statement and the documents before this court revealed that Angel was not a party to the underlying district court proceedings and did not have standing to prosecute an appeal. It also appeared that the challenged order may not be substantively appealable. Accordingly, we ordered him to show cause why the appeal should not be dismissed for lack of jurisdiction. Angel has filed a response in which he suggests that because Lugo and respondent, subsequent to the order of dismissal, prepared a joint petition for divorce that was not filed, Lugo should be considered a party to the underlying action. Angel also appears to assert that he should be given an opportunity to file documents in the district court and become a party in order to avoid a violation of NRS 41.100.[1]

Lugo never became a party to the underlying district court action because he was never served with the complaint. *See Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 908 P.2d 705 (1995) ("To qualify as a party, an entity must have been named and served."). The fact that Lugo may have been preparing to file a joint complaint for divorce in the same district court case does not make him a party where the complaint was never filed. And Angel, the personal representative of Lugo's estate, did not become a party to the action because his motion to substitute in place of Lugo was denied by the district court. *Cf. Aetna Life & Cas. Ins. v. Rowan*, 107 Nev. 362, 812 P.2d 350 (1991) (stating that "a proposed intervener does not become a party to a lawsuit unless and until the district court grants a motion to intervene"). Accordingly, we conclude Angel lacks standing to

---

[1]NRS 41.100(1) states that, except as otherwise provided, a cause of action is not lost due to the death of any person.

appeal,[2] *see* NRAP 3A(b) (allowing an appeal by an aggrieved party), and we

ORDER this appeal DISMISSED.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.          _____Hardesty_____, J.
Gibbons                              Hardesty


cc:   Hon. Frances Doherty, District Judge, Family Court Division
      Shawn B. Meador, Settlement Judge
      Surratt Law Practice, PC/Reno
      Gregory G. Gordon
      Washoe District Court Clerk

---

[2]Given our conclusion that Angel was not a party to the underlying proceedings and lacks standing to appeal, we need not address the substantive appealability of the challenged order.

SUPREME COURT
OF
NEVADA

(O) 1947A