# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: WYNN RESORTS, LTD.
DERIVATIVE LITIGATION

No. 80928

DENNIS ROSEN,

            Appellant,

vs.

THOMAS P. DINAPOLI,
COMPTROLLER OF THE STATE OF
NEW YORK, AS ADMINISTRATIVE
HEAD OF THE NEW YORK STATE
AND LOCAL RETIREMENT SYSTEM
AND TRUSTEE OF THE NEW YORK
STATE COMMON RETIREMENT
FUND, AND THE NEW YORK CITY
PENSION FUNDS; MATTHEW
MADDOX; D. BOONE WAYSON; JOHN
J. HAGENBUCH; RAY R. IRANI; JAY L.
JOHNSON; ROBERT J. MILLER;
PATRICIA MULROY; CLARK T.
RANDT, JR.; ALVIN V. SHOEMAKER;
J. EDWARD VIRTUE; BRIAN
GULLBRANTS; KIMMARIE SINATRA;
STEPHEN A. WYNN; JAMES
PISANELLI; MAURICE WOODEN;
ARTHUR NATHAN; WYNN RESORTS
LIMITED; AND SPECIAL LITIGATION
COMMITTEE OF THE BOARD OF
DIRECTORS OF WYNN RESORTS,
LTD.,

            Respondents.



FILED

JUN 25 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
     DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a judgment entered by the district court pursuant to a settlement in a derivative action brought by certain shareholders of Wynn Resorts (the "DiNapoli action"). Respondents have

SUPREME COURT
OF
NEVADA

(O) 1947A

20-23595

filed a motion to dismiss, arguing that appellant lacks standing to appeal. Appellant opposes the motion, and respondents have filed a reply.[1]

Only "[a] party who is aggrieved by an appealable judgment or order" has the right to appeal. NRAP 3A(a). A person is not considered a party within the meaning of NRAP 3A(a) unless he "has been named as a party of record in the trial court." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994). "[I]t has been the consistent policy of this court to foster simplicity, clarity and certainty in our jurisdictional rules by refraining from ad hoc dispensations and exceptions" that would allow persons or entities that were not parties of record to appeal. *Gladys Baker Olsen Family Tr. v. Olsen*, 109 Nev. 838, 841, 858 P.2d 385, 387 (1993).

Further, consistent with our limited appellate jurisdiction, this court construes the term "party" narrowly. *See Valley Bank*, 110 Nev. at 448, 874 P.2d at 735. For example, in *Valley Bank*, this court dismissed an appeal brought by nonparty shareholders seeking to challenge a settlement agreement, even though they had appeared in the district court and objected to the proposed settlement. *See id.* We concluded that they were not parties with standing to appeal because "[t]hey never intervened and thus never became parties of record in the trial court." *See id.*

Here, respondents assert that although appellant filed his own related action (the "Rosen action") and objected to the settlement of the DiNapoli action, he failed to intervene in the DiNapoli action, and therefore, is not a party with standing to appeal. Appellant does not dispute that he did not formally intervene in the DiNapoli action. Appellant contends that

---

[1]Respondents also filed a motion to enlarge the page limit for their reply. The motion is granted. The reply was filed on June 12, 2020.

he nevertheless became a party of record therein because the district court consolidated the Rosen action, in which he was a party, with the DiNapoli action.

As this court recently clarified in *In re Estate of Sarge*, consolidation does not operate to merge the identities of consolidated cases. 134 Nev. 866, 866, 432 P.3d 718, 720 (2018). Thus, we concluded that an order finally resolving a constituent consolidated case is immediately appealable as a final judgment even where the other constituent case remains pending. *Id.*

In holding that consolidated cases retain their separate character, we cited the United States Supreme Court's decision in *Hall v. Hall*, 584 U.S. ___, ___, 138 S. Ct. 1118 (2018), as strong persuasive authority. *In re Estate of Sarge*, 134 Nev. at 870, 432 P.3d at 722. Significantly, *Hall* observed that "'consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" 584 U.S. at ___, 138 S. Ct. at 1127 (quoting *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933)).

Stated another way, consolidation "'is purely a rule of convenience, and does not result in actually making such parties defendants or interveners in the other suit.'" *Id.* at ___, 138 S. Ct. at 1128 (quoting *Alder v. Seaman*, 266 F. 828, 838 (8th Cir. 1920)); *see also Mikulich v. Carner*, 68 Nev. 257, 169, 228 P.2d 257, 261 (1951) ("the order that the two causes of action be tried jointly and that they be tried together on the date set for trial did not merge the two suits into a single cause, or change the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

rights of the parties or make Carner a party to the Purdy suit, or Purdy a party to the Carner suit.").

In accordance with the foregoing, other jurisdictions have concluded that parties to one constituent case cannot appeal from orders entered in another constituent case even if the cases were consolidated. *See, e.g., Taylor v. Logan Tr. Co.*, 289 F. 51, 53 (8th Cir. 1923) (parties to one constituent consolidated case could not appeal orders in the other because "consolidation did not make the parties to one suit parties to the other"); *Phoenix East Ass'n, Inc. v. Perdido Dunes Tower, LLC*, ___ So.3d ___, 2019 WL 2482427 (Ala. June 14, 2019) ("the trial court's consolidation order does not confer standing on a party in one action to appeal a judgment entered in the other consolidated action in which it is not a party.").

Applying these principles, we conclude that appellant was not a party of record in the DiNapoli action. As noted, it is undisputed that appellant did not intervene in the DiNapoli action. Further, although the district court consolidated the Rosen action with the DiNapoli action, consolidation could not operate to give appellant party status in the DiNapoli action.[2] Thus, appellant is not a party within the meaning of NRAP 3A(a). As such, he does not have standing to appeal from the district court's judgment in the DiNapoli action. Accordingly, because this court

---

[2]We are not persuaded by appellant's remaining contentions, including those regarding judicial estoppel and invited error.

 

lacks jurisdiction to entertain this appeal,[3] we grant respondents' motion, and dismiss appellant's appeal.[4]

It is so ORDERED.

_____, J.
Parraguirre

_____, J.        _____, J.
Hardesty                                Cadish

---

[3]We note that in its order granting respondents' motion for clarification, the district court effectively dismissed the Rosen action by ordering that only the lead plaintiffs' complaint in the DiNapoli action would be operative. Although consolidation may merge phases of constituent cases, "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *See Hall*, 584 U.S. at ___, 138 S. Ct. at 1130 (quotations omitted). But because it appears that appellant did not timely appeal from that order even though it was immediately appealable, we lack jurisdiction to entertain his challenge to it. *See In re Estate of Sarge*, 134 Nev. at 866, 432 P.3d at 720; *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998) ("The filing of a timely notice of appeal is a fundamental jurisdictional requirement; without it, this court never obtains jurisdiction over an appeal and has no power to consider the issues raised, no matter how much merit they may have."); *Valley Bank*, 110 Nev. at 445, 874 P.2d t 733 ("This court determines the finality of an order or judgment by looking to what the order or judgment actually *does*, not what it is called."); *see also Hall*, 584 U.S. at ___, 138 S. Ct. at 1130-31 (each consolidated case must be analyzed separately to determine if appellate jurisdiction is proper); *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442–43 (6th Cir. 1985) ("it is perfectly reasonable to require each plaintiff in a consolidated proceeding to follow procedural rules as they apply to each plaintiff.").

[4]In light of this order, appellant's motion to extend time to file request for transcript of proceedings is denied as moot.

cc:    Hon. Timothy C. Williams, District Judge
O'Mara Law Firm, P.C.
Bottini & Bottini, Inc.
Snell & Wilmer, LLP/Las Vegas
Cohen Milstein Sellers & Toll LLC/New York
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Hutchison & Steffen, LLC/Las Vegas
Orrick, Herrington & Sutcliffe LLP/Seattle
Latham & Watkins LLP/San Diego
Pisanelli Bice, PLLC
Garman Turner Gordon
Campbell & Williams
Orrick, Herrington & Sutcliffe LLP/San Francisco
Cohen Milstein Sellers & Toll LLC/Washington DC
Kirkland & Ellis LLP/Los Angeles
Kirkland & Ellis LLP/New York
Kennedy & Couvillier, PLLC
Dickinson Wright PLLC
Latham & Watkins LLP/Orange County
Eighth District Court Clerk