138 Nev., Advance Opinion 59

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS POLICE PROTECTIVE ASSOCIATION, INC., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY L. ALLF, DISTRICT JUDGE, Respondents, and JORDAN TRAVERS; AND LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Real Parties in Interest. | No. 83793 |



FILED

AUG 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court permanent injunction and an order denying a motion to intervene.

*Petition denied.*

Sgro & Roger and Anthony P. Sgro and Jennifer V. Willis Arledge, Las Vegas; David J. Roger, Las Vegas,
for Petitioner.

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas,
for Real Party in Interest Jordan Travers.

Marquis Aurbach, Chtd., and Nick D. Crosby, Las Vegas,
for Real Party in Interest Las Vegas Metropolitan Police Department.

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

## OPINION

By the Court, STIGLICH, J.:

Real party in interest Jordan Travers was an officer with real party in interest Las Vegas Metropolitan Police Department (LVMPD). He was not a member of petitioner Las Vegas Police Protective Association (LVPPA), the recognized exclusive bargaining agent for nonsupervisory peace officers employed by LVMPD for matters that fall under NRS Chapter 288. After Travers witnessed an officer-involved shooting, LVMPD notified Travers that he was statutorily required to appear for an investigatory interview regarding the incident. Travers then exercised his NRS 289.080 right to choose an attorney to represent him in the investigation, selected an attorney covered by his FOP Plan,[1] and did not elect to use a representative from LVPPA.

Pursuant to NRS 289.080 in the Peace Officer Bill of Rights, a peace officer may have two representatives of their choosing assist them in an internal investigation. Reviewing the statute in *Bisch v. Las Vegas Metropolitan Police Department*,[2] we concluded that NRS 289.080 provides a peace officer with procedural protections during an internal investigation conducted by their employer. We further concluded that the statute does

---

[1]Travers paid for benefits from the Fraternal Order of Police Legal Defense Plan (FOP Plan). The FOP Plan pays for attorney fees for its plan members in certain circumstances, including representation in administrative investigations.

[2]129 Nev. 328, 302 P.3d 1108 (2013).

not impose a duty for the recognized bargaining agent to represent a peace officer during an internal investigation. *Bisch*, 129 Nev. at 336-37, 302 P.3d at 1114.

Here, after Travers exercised his right to choose a representative, LVMPD denied his representation, and Travers sought injunctive relief concerning representation during internal investigations. After the district court issued the permanent injunction in Travers' favor, LVPPA moved to intervene in the action. LVPPA argued, as the recognized bargaining agent, that it was a necessary party to the litigation. The district court declined to permit intervention because it had already entered a final judgment in the matter and, in doing so, did not address whether LVPPA was a necessary party.

We conclude that the district court properly denied LVPPA's motion to intervene because a final judgment had been entered that resolved the case prior to LVPPA's attempt to intervene. Additionally, while we agree that a writ petition is the appropriate vehicle to challenge the final order, as LVPPA was not a party to the proceedings below, we decline to grant the requested writ relief because we further conclude LVPPA was not a necessary party required to be joined in the underlying action such that the district court erred.

## FACTS AND PROCEDURAL HISTORY

While serving as an LVMPD officer, Travers witnessed an officer-involved shooting. LVMPD then notified Travers that he was statutorily required to participate in an investigatory interview regarding the incident conducted by LVMPD's Critical Incident Review Team that could result in punitive action. Travers advised LVMPD that he would be represented by an attorney covered by his FOP Plan during the investigation, pursuant to NRS 289.080. LVMPD subsequently informed

the attorney that it would not allow him to represent Travers, under the belief that the Fraternal Order of Police is a "rival organization" and that a recent Employee-Management Relations Board (EMRB) decision prohibited representation by such an organization.

Travers filed a petition for injunctive relief pursuant to NRS 289.120 against LVMPD, requesting a permanent injunction "to prohibit LVMPD from denying any peace officer a representative of their own choosing pursuant to NRS 289.080 (1) or (2)." LVMPD took no position on the issue. The district court granted the permanent injunction, enjoining LVMPD "from denying any peace officer in its employ during any phase of any interview, interrogation, or hearing the right to be represented by two representatives of the peace officer's own choosing including, without limitation, a lawyer, a representative of a labor union or another peace officer." It further ordered that "LVMPD cannot deny a peace officer's choice of counsel because the chosen counsel has or does provide representation for other employee organizations." The district court clarified that this permanent injunction was "limited to investigations within the meaning of NRS 289.057" and that the EMRB shall continue to govern other matters.

LVPPA then moved to intervene, citing as relevant here NRCP 19(a) (joinder of necessary parties) and NRCP 24(a) (intervention of right by someone protecting an interest in the action). The district court denied the motion "because after the entry of the injunction there is nothing further to litigate." The district court did not address LVPPA's assertion that it was a necessary party. LVPPA subsequently filed the instant petition for a writ of mandamus or prohibition with this court, requesting that we either compel the district court to terminate the permanent injunction or prohibit

its enforcement and allow LVPPA to participate as a party in further proceedings.

## DISCUSSION

*A writ petition is the appropriate method for a nonparty to challenge a district court order*

Whether to entertain a writ petition is within this court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court may issue a writ of mandamus to compel the performance of an act that the law requires or to control a district court's arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). And this court may issue a writ of prohibition "when a district court acts without or in excess of its jurisdiction." *Nev. State Bd. of Architecture, Interior Design & Residential Design v. Eighth Judicial Dist. Court*, 135 Nev. 375, 377, 449 P.3d 1262, 1264 (2019) (citing NRS 34.320). This extraordinary relief may be available if a petitioner does not have a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170 (mandamus); NRS 34.330 (prohibition).

Initially, we agree with LVPPA that a writ petition is the appropriate vehicle to challenge the district court's injunction and order denying its motion to intervene. Pursuant to NRAP 3A(a), only *a party* has standing to appeal a district court order. *See Gladys Baker Olsen Family Tr. v. Olsen*, 109 Nev. 838, 839-40, 858 P.2d 385, 385-86 (1993) (recognizing that NRAP 3A(a) limits standing to appeal to parties to the proceedings below). Here, LVPPA was not a party to the district court proceedings, as the district court denied its motion to intervene. *See Aetna Life & Cas. Ins. Co. v. Rowan*, 107 Nev. 362, 363, 812 P.2d 350, 350 (1991) (recognizing "that a proposed intervenor does not become a party to a lawsuit unless and until

the district court grants a motion to intervene"). Thus, as a nonparty to the proceedings below, LVPPA can only seek relief via a petition for extraordinary relief. *See id.* at 363, 812 P.2d at 350-51 (dismissing an appeal for a lack of standing where the appellant was never a party to the underlying district court proceedings and stating that an extraordinary writ petition was the proper method for appellant to seek relief from the subject order). We therefore exercise our discretion to review the merits of this petition.

*LVPPA's motion to intervene was untimely*

LVPPA argues in its petition that the timing of its motion to intervene was "irrelevant," suggesting that the district court should have substantively considered its motion. Travers responds that the district court properly denied LVPPA's motion because it was untimely filed after entry of the final judgment resolving the underlying proceedings.

"Determinations on intervention lie within the district court's discretion," and we generally defer to the court's exercise of its discretion. *Nalder v. Eighth Judicial Dist. Court*, 136 Nev. 200, 203, 462 P.3d 677, 682 (2020). However, "[t]his court reviews a district court's interpretation of the Nevada Rules of Civil Procedure and statutory construction de novo." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev. 788, 792, 312 P.3d 484, 487 (2013).

An entity[3] has a right to intervene in an action where it "shows that (1) it has a sufficient interest in the subject matter of the litigation, (2) its ability to protect its interest would be impaired if it does not

---

[3]This court uses "person" or "entity" interchangeably as appropriate when discussing nonparties in a case. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994).

Supreme Court
of
Nevada

(O) 1947A

6

intervene, (3) its interest is not adequately represented, and (4) *its application is timely.*" *Nalder*, 136 Nev. at 206, 462 P.3d at 684 (emphasis added); *see also* NRCP 24(a) (discussing intervention of right). Additionally, "[o]n *timely motion*, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a state or federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." NRCP 24(b)(1) (discussing permissive intervention) (emphasis added). NRS 12.130(1)(a) further outlines that intervention may be permitted "[b]efore the trial," which we have held "does not permit intervention subsequent to the entry of a final judgment," *Lopez v. Merit Ins. Co.*, 109 Nev. 553, 556, 853 P.2d 1266, 1268 (1993); *see also Nalder*, 136 Nev. at 201, 462 P.3d at 680 (holding that "intervention after final judgment is impermissible under NRS 12.130"). When possible, we interpret similar statutes and rules in harmony, *see generally State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 295, 995 P.2d 482, 486 (2000) ("Whenever possible, this court will interpret a rule or statute in harmony with other rules or statutes."), and therefore timeliness under NRCP 24 must at least mean before entry of final judgment to accord with our previous interpretations of NRS 12.130.

Here, LVPPA sought to intervene after the district court ordered the permanent injunction that constituted the final judgment in the proceedings below. Based on the foregoing authorities, the district court properly denied LVPPA's motion to intervene because the motion was untimely. Indeed, our previous interpretation of the relevant rule and statute makes plain that the district court does not have the discretion to allow intervention after it has entered final judgment in the action.

*LVPPA was not a necessary party to the action*

LVPPA alternatively argues that writ relief is warranted because it was a necessary party that the district court failed to join to the proceedings under NRCP 19. LVPPA represents that "the permanent injunction severely impairs its ability to protect its statutory and contractual interests under" NRS Chapter 288 and the collective bargaining agreement between itself and LVMPD. LVPPA asserts that it has a right to represent peace officers in disciplinary matters, including internal investigations, under the collective bargaining agreement. Travers responds that LVPPA was not a necessary party because the cause of action was between an aggrieved peace officer and his employer under NRS Chapter 289.

Under NRCP 19, a district court is required to join an entity if (1) in the entity's absence, "the court cannot accord complete relief among existing parties"; or (2) the entity has an interest relating to the subject of the action and its absence may "impair or impede the [entity]'s ability to protect the interest" or subject an existing party to the action "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." NRCP 19(a)(1). If an entity required by NRCP 19 is not joined as a party, a district court should not enter a final order. *Univ. of Nev. v. Tarkanian*, 95 Nev. 389, 396, 594 P.2d 1159, 1163 (1979) ("If the interest of the absent parties may be affected or bound by the decree, they must be brought before the court, or it will not proceed to a decree." (internal quotation marks omitted)).

Travers brought the underlying action pursuant to NRS 289.120, which allows a peace officer who is aggrieved by an action of their employer in violation of NRS Chapter 289 to seek relief in the district court. *See Ruiz v. City of North Las Vegas*, 127 Nev. 254, 262-64, 255 P.3d 216,

Supreme Court
of
Nevada

(O) 1947A

222-23 (2011) (explaining that a peace officer has standing under NRS 289.120 to bring claims for judicial relief regarding violations of the Peace Officer Bill of Rights in NRS Chapter 289). Travers specifically alleged that LVMPD violated his rights under NRS 289.080(2), which provides that

> a peace officer who is a witness in an investigation conducted pursuant to NRS 289.057 may upon request have two representatives of the peace officer's choosing present with the peace officer during an interview relating to the investigation, including, without limitation, a lawyer, a representative of a labor union or another peace officer.

The only explicit limitation on a peace officer choosing their representatives, which does not exist in this situation, is that "[a] representative must not otherwise be connected to, or the subject of, the same investigation." NRS 289.080(5).

In *Bisch v. Las Vegas Metropolitan Police Department*, this court interpreted rights and obligations stemming from NRS Chapter 289, including whether any entity is required to represent a peace officer during an internal investigation pursuant to NRS 289.080. 129 Nev. 328, 302 P.3d 1108. In that matter, LVPPA refused to represent a peace officer in an investigation because it had a policy that it would provide representation only to peace officers who did not procure their own attorney, and the peace officer had retained private counsel. *Id.* at 332, 302 P.3d at 1111. The peace officer argued that in doing so LVPPA violated her right under NRS 289.080 to have two representatives of her choice at her interview. *Id.* at 335, 302 P.3d at 1113.

Reviewing the district court's interpretation of NRS 289.080 de novo, we concluded that the statute did "not expressly impose any affirmative duties" on entities to provide representation and instead only

gave the employee a right to choose two representatives to be present during an investigation interview. *Id.* at 336, 302 P.3d at 1114. Looking beyond the plain meaning to the statutory scheme of NRS Chapter 289, we observed that NRS Chapter 289 concerns rights peace officers retain when dealing with their employers and duties imposed on those employers. *Id.* at 336-37, 302 P.3d at 1114. Therefore, this court concluded that "nothing in NRS 289.080 or the rest of the Peace Officer Bill of Rights governs [LVPPA's] responsibility toward[s] its members" and that NRS 289.080 did not impose any duties on LVPPA regarding representing peace officers in internal investigations. *Id.* at 337, 302 P.3d at 1114.

The language of NRS 289.080 providing that a peace officer may have two representatives of the peace officer's choosing present during an internal investigation has not changed since we decided *Bisch*. Therefore, we reaffirm our conclusions that NRS 289.080 does not impose any affirmative duties on LVPPA and that the right to choose representatives during an investigation belongs to the peace officer. *See id.* at 336-37, 302 P.3d at 1114. As NRS 289.080 neither imposes a duty nor gives LVPPA a right to represent peace officers during NRS 289.057 investigations, it follows that a district court decision resolving a complaint concerning a peace officer's selected representatives does not "impair or impede" any interest held by LVPPA under that statute. *See* NRCP 19(a)(1)(B)(i).

We recognize that LVPPA has certain rights under NRS Chapter 288, which governs relations between governments and public employees and gives public employees bargaining rights. *See Truckee Meadows Fire Prot. Dist. v. Int'l Ass'n of Firefighters, Local 2487*, 109 Nev. 367, 374, 849 P.2d 343, 348 (1993). Indeed, NRS Chapter 288 gives LVPPA

the exclusive right to represent LVMPD peace officers for purposes of collective bargaining, including negotiating disciplinary procedures. *See* NRS 288.150(2)(i) (indicating that disciplinary procedures are a mandatory bargaining subject); *see also* NRS 288.133 (defining "bargaining agent" as "an employee organization recognized by the local government employer as the exclusive representative of all local government employees in the bargaining unit for purposes of collective bargaining").

However, NRS Chapter 289 is a distinct chapter affording separate rights to peace officers. *See Ruiz*, 127 Nev. at 264 n.9, 255 P.3d at 223 n.9 (explaining that "the Peace Officer Bill of Rights represents the Nevada Legislature's recognition that peace officers, because of the important role they play in maintaining public safety, deserve additional protections that are unavailable to other public employees"). "When our Legislature enacts statutes purporting to grant a group of people certain rights, we will construe the statutes in a manner consistent with the enforceability of those rights." *Id.*; *see also Cable v. State ex. rel. Emp'rs Ins. Co. of Nev.*, 122 Nev. 120, 125, 127 P.3d 528, 531 (2006) ("This court presumes that the Legislature, when enacting statutes, is aware of other similar statutes."). The right to choose representatives to be present and to assist them during internal investigations pursuant to NRS 289.057 belongs to the peace officers and no other party. NRS 289.080; *see also Bisch*, 129 Nev. at 336-37, 302 P.3d at 1114.

With no obligations or rights under NRS Chapter 289, LVPPA did not have a valid interest that made it a necessary party to the underlying litigation between Travers and LVMPD. *See* NRCP 19(a)(1)(B)(i); *cf. Tarkanian*, 95 Nev. at 396, 594 P.2d at 1163 (explaining that the NCAA was a necessary party in the litigation because "the interest

SUPREME COURT
OF
NEVADA

(O) 1947A

11

of the NCAA in the subject matter of this litigation was such that either the university would be affected, or the NCAA's ability to protect its interests would be impaired, and . . . further litigation of the controversy would be likely, should it proceed without joinder of the NCAA"). Accordingly, we conclude extraordinary relief is not warranted and deny LVPPA's petition.

## CONCLUSION

The district court properly denied LVPPA's motion to intervene after final judgment was entered in the underlying matter between Travers and LVMPD. And, as we explained in *Bisch*, NRS 289.080 does not impose affirmative duties on or otherwise grant any rights to the recognized bargaining agent. Nor has LVPPA demonstrated that its right to exclusively represent nonsupervisory peace officers for purposes of NRS Chapter 288 extends to limit peace officers' rights under NRS 289.080 such that it had an impairable interest subject to the outcome of the case. As provided by the Legislature, a peace officer such as Travers subject to an investigation conducted pursuant to NRS 289.057 has a right to choose their own representatives, regardless of the representatives' affiliations, so long as the representatives are not connected to, or the subject of, the same investigation and the representatives follow the guidelines set forth in NRS Chapter 289. Therefore, we conclude LVPPA was not a necessary party in the underlying matter and deny LVPPA's petition for writ relief.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Herndon

